# EXHIBIT 2
# Plaintiff's Original Petition, Application for Temporary Restraining Order and Temporary Injunction and Petition for Permanent Injunction

# Defendant's Original Answer

4/25/2024 12:44 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-24-002576
Stefany Vega juarez

D-1-GN-24-002576

CAUSE NO. _____

| | | |
|---|---|---|
| **ELISA RIOS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff*, | § | |
| | § | 261ST, DISTRICT COURT |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **KIAVI FUNDING, INC.,** | § | |
| *Defendant.* | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION <u>AND PETITION FOR PERMANENT INJUNCTION</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, Elisa Rios, complaining of and against Defendant Kiavi Funding Inc., and files this her *Original Petition, Application for Temporary Restraining Order and Temporary Injunction and Petition for Permanent Injunction*. In support thereof, Plaintiff would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery in this suit under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

2.      Plaintiff, Elisa Rios (hereinafter referred to as "***Plaintiff***") has appeared herein by and through her counsel of record, Adam Pugh, Cagle Pugh, 4301 Westbank Drive, Building A, Suite 150, Austin, Texas 78746.

3.      Defendant Kiavi Funding, Inc., (hereinafter referred to as "***Defendant***") is a foreign corporation authorized to do business in Texas, and may be served by and through its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

1

### III. JURISDICTION AND VENUE

4.　　Venue in Travis County is proper in this cause under Texas Civil Practice & Remedies Code § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this County.

5.　　This Court has jurisdiction over this matter as the amount in controversy is within the jurisdictional limits of this Court.

### IV. FACTS

6.　　This is a suit for a denial of the merit and accuracy of Notice of Foreclosure Sale filed by Defendant Kiavi Funding, Inc., and its mortgagee LHome Mortgage Trust 2021-RTL3 listed in Exhibit A. A copy of the Notice of Foreclosure Sale filed and served by Defendant is attached hereto as Exhibit A. (A true and correct copy of the Notice of Foreclosure Sale is attached hereto and incorporated as **Exhibit A**).

7.　　 In the attached Notice of Foreclosure Sale, Defendant seeks to foreclose upon at least one parcel of real property owned in whole or in part by Plaintiff more particularly described as Lot 21, N. A. LADD ADDITION, according to the map or plat thereof, recorded in Volume 3, Page 48, Plat Records, Travis County, Texas, known locally as 909 Capital Court, Austin, Texas 78756, and more fully described in a certified order of the Travis County Court at Law No. 1 dated May 2, 2023, recorded as Document No. 2023068523 of the Official Public Records of Travis County, Texas ("***Property***"). (A true and correct copy of the Certified Order is attached hereto and incorporated as **Exhibit B**.)

8.　　The Notice of Foreclosure Sale fails to acknowledge the obligation secured by the Property was a product of the fraud which was the basis of the Certified Order. See Exhibit B. Further, the Property is currently the subject of litigation between Plaintiff and Justin Miller for

partition of the Property to satisfy any obligations of any owner of the Property. See **Exhibit C**, attached hereto and made a part hereof (the "***Partition Suit***").

9.      It is undisputed that the Property has equity at or near $1,000,000, and that the sale of the Property will necessarily satisfy the indebtedness, which is not in dispute. Therefore, Plaintiff seeks a Temporary Injunction, and A Temporary Restraining Order, in order to complete the partition of the Property, so that justice may be done.

10.     Plaintiff also seeks a permanent injunction in regard to any personal obligations of Plaintiff created by the fraudulent acts of Chiptarmil, LLC.

## V. APPLICATION FOR TEMPORARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

11.     Plaintiff realleges and incorporates herein by reference its allegation in the foregoing paragraphs above.

12.     As stated above, Plaintiff disputes the indebtedness claimed by Defendant herein under the terms of the Note, alleges that the loan secured by the Property was obtained by fraudulent claim of ownership, and further disputes Plaintiff's Property should be subject to foreclosure sale on account of such alleged indebtedness while a suit of partition is ongoing.

13.     A temporary restraining order serves to provide emergency relief and to preserve the status quo until a hearing may be had on a temporary injunction. *Cannan v. Green Oaks Apts.,* 758 S.W.2d 753, 755 (Tex. 1988). A temporary restraining order, granted without notice, shall not exceed 14 days unless the Court finds good cause to extend an additional 14 days. TEX. CIV. P. 680.

14.     To obtain a temporary injunction, the applicant must plead and prove three elements: (1) a cause of action against Defendant, (2) a probable right to the relief sought, and (3) a probable, imminent, and irreparable injury in the interim. *Bunaru v. Ford Motor Co.,* 84 S.W.3d

198, 204 (Tex. 2002). The probable right to relief element does not require the applicant to show that it will prevail at trial, nor does it require the trial court to evaluate the probability that the applicant will prevail at trial. *Young Gi Kim v. Ick Soo Oh,* No. 05-19-00947-CV, 2020 Tex. App. LEXIS 3929, 2020 WL 2315854, AT *2 (Tex. App-Dallas May 11, 2020, no pet.)(mem. Op.). Rather, it requires the applicant to present enough evidence to raise a bona fide issue as to its right to ultimate relief. *Id.* This requires the applicant to produce some evidence supporting every element of at least one valid legal theory. *Dallas Anesthesiology Assocs., P.A. v. Tex. Anesthesia Group, P.A.,* 190 S.W.3d 891, 896-97 (Tex. App-Dallas 2006, no pet.). One does not have to await the consummation of threatened injury to obtain injunctive relief. *Houston Fed. Of Teachers Local 2415 v. Houston ISD,* 251 F.Supp.3d 1168 (S.D. Tex 2017).

15.     Plaintiff has no adequate remedy at law for the injuries just described. The injuries and losses are continuing. The Plaintiff and her corresponding rights involved are unique and irreplaceable, so that it will be impossible to accurately measure, in monetary terms, the damage caused by Defendant's improper foreclosure on Plaintiff's Property.

16.     Plaintiff requests and is entitled to a temporary injunction and temporary restraining order restraining Defendant from improper foreclosure on the Property. This requested relief is authorized pursuant to Section 65.011(1) of the Texas Civil Practice and Remedies Code.

17.     There is not enough time to serve notice on Defendant and to hold a hearing on this application for a temporary restraining order. Plaintiff is suffering continuously due to Defendant's actions.

18.     For the reasons stated in this pleading, Plaintiff requests that, after trial on the merits, this Court grant Plaintiff the requested relief enjoining Defendant from foreclosing on the Property.

19.     Plaintiff is willing to post reasonable bond and request that the Court fix a reasonable bond for the Temporary Restraining Order.

## VI. REQUEST FOR PERMANENT INJUNCTION

20.     On final trial on the merits, Plaintiff requests that the Court permanently enjoin Defendant from directly or indirectly interfering with Plaintiff's partition and ownership of the Property.

## VII. ATTORNEY'S FEES

21.     Plaintiff seeks to recover all of her costs of court, expenses, and reasonable and necessary attorney's fees pursuant to the applicable provisions of the Texas Civil Practice & Remedies Code in the prosecution of this cause, as well as the reasonable and necessary attorney's fees incurred in any appeal therefrom.

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**CAGLE PUGH**

By: */s/ Adam Pugh*
Adam Pugh
Texas Bar No. 24044341
Christine Applegate
Texas Bar No. 24117231
4301 Westbank Dr., Suite A150
Austin, Texas 78746
Telephone: (737) 261-0600
Fax: (737) 261-0637
adam.pugh@caglepugh.com
christine.applegate@caglepugh.com
**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT

# A

24TX330-0003
909 CAPITOL CT, AUSTIN, TX 78756

## NOTICE OF FORECLOSURE SALE

Property:

The Property to be sold is described as follows:

LOT 21, N. A. LADD ADDITION, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 3, PAGE 48, PLAT RECORDS, TRAVIS COUNTY, TEXAS.

Security Instrument:

Deed of Trust dated August 5, 2022 and recorded on September 2, 2022 as Instrument Number 2022148493 in the real property records of TRAVIS County, Texas, which contains a power of sale.

Sale Information:

May 07, 2024, at 1:00 PM, or not later than three hours thereafter, at the rear sallyport inside of the Travis County Courthouse located on the west side which is immediately south of and slightly east of the intersection of 11th street and San Antonio Street, or as designated by the County Commissioners Court.

Terms of Sale:

Public auction to highest bidder for cash. In accordance with Texas Property Code section 51.009, the Property will be sold as is, without any expressed or implied warranties, except as to warranties of title, and will be acquired by the purchaser at its own risk. In accordance with Texas Property Code section 51.0075, the substitute trustee reserves the right to set additional, reasonable conditions for conducting the sale and will announce the conditions before bidding is opened for the first sale of the day held by the substitute trustee.

Obligation Secured:

The Deed of Trust executed by CHIPTARMIL LLC secures the repayment of a Note dated August 5, 2022 in the amount of $419,400.00. LHOME MORTGAGE TRUST 2021-RTL3, whose address is c/o Kiavi Funding, Inc., 2 Allegheny Center, Nova Tower 2, Suite 200, Pittsburgh, PA 15212, is the current mortgagee of the Deed of Trust and Note and Kiavi Funding, Inc. is the current mortgage servicer for the mortgagee. Pursuant to a servicing agreement and Texas Property Code section 51.0025, the mortgagee authorizes the mortgage servicer to administer the foreclosure on its behalf.

Substitute Trustee:

In accordance with Texas Property Code section 51.0076 and the Security Instrument referenced above, mortgagee and mortgage servicer's attorney appoint the substitute trustees listed below.



4815015

Substitute Trustee(s): David Ackel, Travis Kaddatz, Colette Mayers, Thomas Gilbraith, C Jason Spence, Mike Hanley, Stephen Mayers, Israel Curtis, Aarti Patel, Dylan Ruiz, Violet Nunez, Ramiro Cuevas, Cary Corenblum, Joshua Sanders, Aleena Litton, Matthew Hansen, Angela Zavala, Michelle Jones, Richard Zavala, Jr., Sharlet Watts, Dustin George

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

Miller, George & Suggs, PLLC
Tracey Midkiff, Attorney at Law
Jonathan Andring, Attorney at Law
Rachel Son, Attorney at Law
6080 Tennyson Parkway, Suite 100
Plano, TX 75024

Substitute Trustee(s): David Ackel, Travis Kaddatz, Colette Mayers, Thomas Gilbraith, C Jason Spence, Mike Hanley, Stephen Mayers, Israel Curtis, Aarti Patel, Dylan Ruiz, Violet Nunez, Ramiro Cuevas, Cary Corenblum, Joshua Sanders, Aleena Litton, Matthew Hansen, Angela Zavala, Michelle Jones, Richard Zavala, Jr., Sharlet Watts, Dustin George
c/o Miller, George & Suggs, PLLC
6080 Tennyson Parkway, Suite 100
Plano, TX 75024

Certificate of Posting

I, _Angela Zavala_, declare under penalty of perjury that on the _16_ day of _April_, 20_24_ I filed and posted this Notice of Foreclosure Sale in accordance with the requirements of TRAVIS County, Texas and Texas Property Code sections 51.002(b)(1) and 51.002(b)(2).

**FILED AND RECORDED**
**OFFICIAL PUBLIC RECORDS**

Dyana Limon-Mercado, County Clerk
**Travis County, Texas**

**202440400**          Apr 16, 2024 09:25 AM
                       Fee: $2.00       MILLERA

# EXHIBIT

# B

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

Dyana Limon-Mercado, County Clerk
Travis County, Texas
Jun 21, 2023 10:09 AM    Fee: $38.00
**2023068523**
*Electronically Recorded*

# This page is intentionally added for electronic file stamp.

Filed 05/02/2023 4:20:27 PM
Dyana Limon-Mercado
Travis County Clerk
C-1-CV-22-003955
Deshay, Andrea

## CAUSE NO. C-1-CV-22-003955

| | | |
|---|---|---|
| **ELISA RIOS,** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **OF LAW NO. 1** |
| | § | |
| **JUSTIN A. MILLER AND** | § | |
| **CHIPTARMIL LLC,** | § | |
| *Defendants.* | § | **TRAVIS COUNTY, TEXAS** |

### <u>ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

On the 2nd day of May, 2023, came on to be heard *Plaintiff's Motion For Summary Judgment.* After reviewing the pleadings and papers on file in this cause, and hearing argument of counsel, this Court FINDS that such Motion should be, and is, GRANTED.

Specifically, the Court FINDS that Defendant was properly served with Requests for Admissions on December 1, 2022 and that Defendant failed and refused to respond in the time allotted by law. As such, all of the admissions are deemed admitted, as shown in Plaintiff's Motion.

THEREFORE, this Court FINDS that Plaintiff has proven her causes of action for breach of contract and fraud in a real estate transaction, and that Plaintiff shall recover her one-half undivided interest in and to the real property described as Lot 21, N. A. LADD ADDITION, according to the map or plat thereof, recorded in Volume 3, Page 48, Plat Records, Travis County, Texas (the "*Property*").

ACCORDINGLY, this Court ORDERS that a declaratory judgment shall issue declaring that the deed from Elisa Rios and Justin Miller to Chiptarmil, LLC with respect to the Property and recorded as Document Number 2022148492 in the Official Public Records of Travis County, Texas, shall be set aside. Such deed shall be stricken from the Official Public Records and shall no longer have any force or effect with respect to the Property.

The result of such declaratory judgment is that the title to the Property shall be in the name

1



I, Dyana Limon-Mercado, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 05/24/2023
Dyana Limon-Mercado, County Clerk
By Deputy:
J RODRIGUEZ

of Elisa Rios and Justin Miller, as their interests appear prior to the deed stricken above.

FURTHER, this Court FINDS that Plaintiff is also entitled, pursuant to Tex. Civ. Prac. & Rem. C. § 38.001 et. seq., to her reasonable and necessary attorney fees incurred in the prosecution of these claims in the total amount of $14,359.69, for which a money judgment shall issue. The Court FURTHER FINDS that such fees are equitable and just pursuant to the Declaratory Judgments Act and would be appropriate thereunder.

This judgment is final and appealable. All other relief not expressly granted herein is denied without prejudice. Plaintiff is entitled to all writs and processes in the enforcement of this judgment.

SIGNED this 5/4/2023 3:20:26 PM 2 day of May, 2023.


_____
JUDGE PRESIDING
**Judge Todd T. Wong**

2

I, Dyana Limon-Mercado, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 05/24/2023
Dyana Limon-Mercado, County Clerk
By Deputy:
J RODRIGUEZ

# Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Amanda Craven on behalf of Nicholas Pugh
Bar No. 24044341
amanda.craven@caglepugh.com
Envelope ID: 75212438
Filing Code Description: ORD:CV PROPOSED ORDER/JUDGMENT
Filing Description: Order on Plaintiff's MSJ
Status as of 5/2/2023 11:24 AM CST

Associated Case Party: Elisa Rios

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elisa Rios | | elisarios81@yahoo.com | 5/2/2023 9:50:22 AM | SENT |

Associated Case Party: Chiptarmil LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Adam Pugh | | adam.pugh@caglepugh.com | 5/2/2023 9:50:22 AM | SENT |
| Amanda Craven | | amanda.craven@caglepugh.com | 5/2/2023 9:50:22 AM | SENT |

Associated Case Party: JustinA.Miller

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Bradley B.Clark | | bradley@bradleybclark.com | 5/2/2023 9:50:22 AM | SENT |

I, Dyana Limon-Mercado, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on 05/24/2023
Dyana Limon-Mercado, County Clerk
By Deputy:

J RODRIGUEZ

# EXHIBIT

# C

Filed: 2/29/2024 6:04 PM
Dyana Limon-Mercado
Travis County Clerk
C-1-CV-24-001261
Ruby Ontiveros

CAUSE NO. C-1-CV-24-001261 _____

| | | |
|---|---|---|
| **ELISA RIOS,** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **OF LAW NO. 1** |
| | § | |
| **JUSTIN A. MILLER,** | § | |
| *Defendant.* | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Elisa Rios, hereinafter called Plaintiff, complaining of and about Justin A. Miller, hereinafter called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, Elisa Rios, has appeared herein by and through the undersigned counsel.

3.      Defendant, Justin A. Miller, is an individual Texas resident and may be served with process at his usual place of employment: 13333 W. Highway 71, Bee Caves, Texas 78738.

### JURISDICTION AND VENUE

4.      The District Court has subject matter jurisdiction over this action pursuant to Section 23.002 of the Texas Property Code.

5.      This Court has jurisdiction over this action based on Section 23.002(a) of the Texas Property Code, because the property made the subject of this suit is located in Travis County, Texas.

6.    Venue in Travis County is proper in this cause under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property as provided by said Section, and this county is where all or part of the real property is located.

## FACTS

7.    This action is one for Partition under Chapter 23 of the Texas Property Code, and Rules 756 et seq., of the Texas Rules of Civil Procedure.

8.    Plaintiff and Defendant are co-tenants who jointly own in fee simple the real property located in Travis County, Texas, described as Lot 21, N. A. LADD ADDITION, according to the map or plat thereof, recorded in  Volume 3, Page 48, Plat Records, Travis County Texas, known locally as 909 Capitol Court, Austin, Texas 78756, and more fully described in a certified order of the Travis County Court at Law No. 1 dated May 2, 2023, recorded as Document Number  2023068523 of the Official Public Records of Travis County, Texas (the "***Property***").  A true and correct copy of the Certified Order is attached as Exhibit A and is incorporated by reference.

9.    Each co-tenant, Plaintiff and Defendant respectively, each own a one-half undivided interest in the Property.

10.    The Property has an estimated value of no less than $1,600,000.

11.    The Plaintiff is entitled to partition under Chapter 23 of the Texas Property Code, and seeks partition of the Property.

12.    The Property cannot be equitably divided in kind because, while the Property consists of two condominium units, they are of unequal proportions. To effect equitable partition, the Property should be sold and the proceeds apportioned among the parties according to their respective ownership interests.

13.    The Property is encumbered by a mortgage. Defendant has failed and refused to provide Plaintiff with any information regarding such mortgage.

14.    In addition, unbeknownst to Plaintiff at the time, Defendant, on behalf of Chiptarmil, LLC, recorded that certain *Declaration of 909 Capitol Court Condominiums* at Document Number 2022166982 on October 13, 2022, ostensibly converting the Property from one (1) subdivided lot to two (2) condominium units. Pursuant to the Certified Order attached hereto, the County Court at Law Number 1 set aside the deed to Chiptarmil, LLC dated September 2, 2022. Accordingly, any conveyance, hypothecation, or change in title to the Property undertaken by Chiptarmil, LLC subsequent to the deed which was judicially set aside is null and void.

15.    All conditions to the filing of this suit have been met.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Elisa Rios, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a hearing of the cause, a decree be entered partitioning the jointly owned Property and any improvements according to law and equity, ordering the sale of the Property and the improvements thereon and partitioning the proceeds of the sale to the parties according to law and equity, and in order to satisfy any outstanding debt, and that the Declaration of condominium regime recorded by Defendant be set aside as well; allocating costs of court according to law; and granting such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**CAGLE PUGH**


By: */s/ Adam Pugh*        
**Adam Pugh**
Texas Bar No. 24044341
4301 Westbank Dr., Bldg. A, Suite 150
Austin, Texas 78746
Telephone: (737) 261-0600
Fax: (737) 261-0637
Adam.Pugh@caglepugh.com
**ATTORNEY FOR PLAINTIFF**




## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was delivered by the method indicated in accordance with the Texas Rules of Civil Procedure on this the 29th day of February 2024, to the following:

Bradley B. Clark                                    *Via eService: bradley@bradleybclark.com*
Bradley B. Clark Law Group, P.C.
P.O. Box 143743
Austin, Texas 78714


*/s/ Adam Pugh*      
**Adam Pugh**

# EXHIBIT

# A

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

Dyana Limon-Mercado, County Clerk
Travis County, Texas
Jun 21, 2023 10:09 AM    Fee: $38.00
**2023068523**
*Electronically Recorded*

# This page is intentionally added for electronic file stamp.

Filed 05/02/2023 4:20:27 PM
Dyana Limon-Mercado
Travis County Clerk
C-1-CV-22-003955
Deshay, Andrea

CAUSE NO. C-1-CV-22-003955

| | | |
|---|---|---|
| **ELISA RIOS,** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **OF LAW NO. 1** |
| | § | |
| **JUSTIN A. MILLER AND** | § | |
| **CHIPTARMIL LLC,** | § | |
| *Defendants.* | § | **TRAVIS COUNTY, TEXAS** |

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On the 2nd day of May, 2023, came on to be heard *Plaintiff's Motion For Summary Judgment.* After reviewing the pleadings and papers on file in this cause, and hearing argument of counsel, this Court FINDS that such Motion should be, and is, GRANTED.

Specifically, the Court FINDS that Defendant was properly served with Requests for Admissions on December 1, 2022 and that Defendant failed and refused to respond in the time allotted by law. As such, all of the admissions are deemed admitted, as shown in Plaintiff's Motion.

THEREFORE, this Court FINDS that Plaintiff has proven her causes of action for breach of contract and fraud in a real estate transaction, and that Plaintiff shall recover her one-half undivided interest in and to the real property described as Lot 21, N. A. LADD ADDITION, according to the map or plat thereof, recorded in Volume 3, Page 48, Plat Records, Travis County, Texas (the "*Property*").

ACCORDINGLY, this Court ORDERS that a declaratory judgment shall issue declaring that the deed from Elisa Rios and Justin Miller to Chiptarmil, LLC with respect to the Property and recorded as Document Number 2022148492 in the Official Public Records of Travis County, Texas, shall be set aside. Such deed shall be stricken from the Official Public Records and shall no longer have any force or effect with respect to the Property.

The result of such declaratory judgment is that the title to the Property shall be in the name

1


I, Dyana Limon-Mercado, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 05/24/2023
Dyana Limon-Mercado, County Clerk
By Deputy:
J RODRIGUEZ

of Elisa Rios and Justin Miller, as their interests appear prior to the deed stricken above.

FURTHER, this Court FINDS that Plaintiff is also entitled, pursuant to Tex. Civ. Prac. & Rem. C. § 38.001 et. seq., to her reasonable and necessary attorney fees incurred in the prosecution of these claims in the total amount of $14,359.69, for which a money judgment shall issue. The Court FURTHER FINDS that such fees are equitable and just pursuant to the Declaratory Judgments Act and would be appropriate thereunder.

This judgment is final and appealable. All other relief not expressly granted herein is denied without prejudice. Plaintiff is entitled to all writs and processes in the enforcement of this judgment.

SIGNED this ____ day of May, 2023.

_____
JUDGE PRESIDING
**Judge Todd T. Wong**

I, Dyana Limon-Mercado, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 05/24/2023
Dyana Limon-Mercado, County Clerk
By Deputy:
J RODRIGUEZ

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amanda Craven on behalf of Nicholas Pugh
Bar No. 24044341
amanda.craven@caglepugh.com
Envelope ID: 75212438
Filing Code Description: ORD:CV PROPOSED ORDER/JUDGMENT
Filing Description: Order on Plaintiff's MSJ
Status as of 5/2/2023 11:24 AM CST

Associated Case Party: Elisa Rios

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elisa Rios | | elisarios81@yahoo.com | 5/2/2023 9:50:22 AM | SENT |

Associated Case Party: Chiptarmil LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Adam Pugh | | adam.pugh@caglepugh.com | 5/2/2023 9:50:22 AM | SENT |
| Amanda Craven | | amanda.craven@caglepugh.com | 5/2/2023 9:50:22 AM | SENT |

Associated Case Party: JustinA.Miller

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Bradley B.Clark | | bradley@bradleybclark.com | 5/2/2023 9:50:22 AM | SENT |

I, Dyana Limon-Mercado, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 05/24/2023
Dyana Limon-Mercado, County Clerk
By Deputy:
J RODRIGUEZ

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marla Jones on behalf of Nicholas Pugh
Bar No. 24044341
marla.jones@caglepugh.com
Envelope ID: 85076736
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 3/1/2024 7:49 AM CST

Associated Case Party: ElisaRios

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Adam Pugh | | adam.pugh@caglepugh.com | 2/29/2024 6:04:49 PM | SENT |
| Marla  Jones | | marla.jones@caglepugh.com | 2/29/2024 6:04:49 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Bradley Clark | | bradley@bradleybclark.com | 2/29/2024 6:04:49 PM | SENT |

CAUSE NO. D-1-GN-24-002576

| | | |
|---|---|---|
| ELISA RIOS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 261ST JUDICIAL DISTRICT |
| | § | |
| KIAVI FUNDING, INC., | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

_____

## DEFENDANT'S ORIGINAL ANSWER
_____

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Kiavi Funding, Inc., its successors and/or assigns ("Kiavi") and files its Original Answer, affirmative defenses and counterclaim, and for cause would show:

### I.
### GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Kiavi denies generally the material allegations contained in Plaintiff's Original Petition and demand strict proof thereof by a preponderance of the credible evidence.

### II.
### AFFIRMATIVE DEFENSES

2.    Plaintiff fails to state a claim upon which relief can be granted. Therefore, Plaintiff's claims should be dismissed.

3.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to allege and prove all conditions precedent to recovery.

4.    Plaintiff's claims are barred, in whole or in part, by contract.

5.    Plaintiff's claims are barred, in whole are in part, by the defense of justification.

6.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

7.      Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

8.      Plaintiff's claims are barred, in whole or in part, because the acts or omissions of Defendant were not the cause of Plaintiff's alleged damages.

9.      Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

10.     Plaintiff's claims are barred, in whole or in part, because any damage allegedly suffered by Plaintiff was caused, in whole or in part, by Plaintiff's own acts or omissions.

11.     Plaintiff's attorney fees are not recoverable, reasonable, or necessary.

12.     Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and unclean hands.

13.     Defendant reserves the right to plead such other defenses as may become apparent during the pendency of this lawsuit.

### III.
### COUNTERCLAIM

**A. DISCOVERY PLAN**

14.     In accordance with Tex. R. Civ. P. 190.3 and Plaintiff's Original Petition, this suit is governed by Level 2 Discovery Plan.

**B. PARTIES**

15.     Plaintiff is Elisa Rios, an individual residing in Travis County, Texas, who may be served by serving her attorney of record.

16.     Defendant, Kiavi Funding, Inc., its successors and/or assigns ("Kiavi") is

foreign corporation doing business in the State of Texas. It may be served by serving the undersigned counsel.

**C. JURISDICTION & VENUE**

17.    This Court has subject matter jurisdiction over Plaintiff's claims and Kiavi's counterclaims pursuant to Article V, Section 8 of the Texas Constitution and Section 24.007 and 24.008 of the Texas Government Code.   Venue is proper under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events giving rise to this lawsuit occurred in Travis County.

**D. FACTS**

18.    On September 22, 2020, Plaintiff and non-party Justin Miller ("Miller") acquired the real property located at 909 Capital Court, Austin, Texas 78756, and legally described as Lot 21, N. A. Ladd Addition, according to the map or plat thereof, recorded in Volume 3, Page 48, Plat Records, Travis County, Texas (the "Property").

19.    On August 11, 2022, Plaintiff and Miller sold the Property to Chiptarmil LLC ("Chiptarmil") by a General Warranty Deed recorded on September 2, 2022, at Instrument No. 2022148492 in the Official Public Records of Travis County, Texas ("Deed"). The transaction was closed on August 11, 2022, at BNT of Texas LLC. Kiavi contributed $356,876.00 at closing for the purchase of the Property from Plaintiff and Miller.  Miller is believed to be the sole member of Chiptarmil, LLC.  At the time they acquired the Property and the time they transferred the Property to Chiptarmil, LLC, Plaintiff and Miller were in a romantic relationship.

20.    In exchange for the funds used to purchase the Property, Miller as Member of Chiptarmill executed and delivered to Kiavi Funding, Inc. a Promissory Note in the

original principal amount of $419,400.00 ("Note").

21.    Contemporaneously with the signing of the Note, Miller as Member of Chiptarmil executed a Deed of Trust, Assignment of Rents and Fixture Filing to secure the indebtedness against the Property, which was recorded on September 2, 2022 at Instrument No. 2022148493 in the Official Public Records of Travis County, Texas ("Security Instrument"). (The Note and the Security Instrument will be collectively known as the "Loan").

22.    Chiptarmil granted to Kiavi Funding, Inc., or the holder of the Note a security interest in the Property, improvements, fixtures, rents and profits, development rights, and all present and future estate, right, title and interest Chiptarmil may have in the Property.

23.    Kiavi remains the holder of the Note and is entitled to enforce the Note and Security Instrument.

24.    Chiptarmil defaulted under the terms of the Loan by failing to tender payments as they came due.

25.    On October 12, 2022, Rios filed suit against Miller and Chiptarmil, LLC in the Travis County Court at Law No. 1 alleging that she was fraudulently induced into conveying her interest in the Property to Chiptarmil,LLC.  On May 2, 2023, the court entered a summary judgment in favor of Rios setting aside the deed from Rios and Miller into Chiptarmil, LLC and striking it form the public records.  The alienation of Chiptarmil, LLC's interest in the Property constitutes a default under the terms of the Security Instrument. Chiptarmil, LLC's failure to provide written notice of the claims asserted by Rios constitutes a breach of the terms of the Security Instrument.

26.    On April 16, 2024, Angela Zavala, acting as a substitute trustee under the

Security Instrument, recorded a Notice of Foreclosure Sale in the Travis County real property records, advising that the Property would be sold at a trustee's sale on May 7, 2024. Notice of the sale was provided to Chiptarmil, LLC on the same day in accordance with the terms of the Security Instrument and the Texas Property Code.

27. On April 25, 2024, Plaintiff filed Plaintiff's Original Petition, Application for Temporary Restraining Order and Temporary Injunction and Petition for Permanent Injunction, and secured a Temporary Restraining Order preventing Kiavi from conducting the May 7, 2024, foreclosure sale.

26. Kiavi seeks a judgment fixing and establishing the amount due under the Loan. Kiavi also seeks an order allowing it to exercise the power of sale under the Security Instrument and TEX. PROP. CODE §51.002. In the alternative, Kiavi seeks judicial foreclosure and an order instructing the constable or sheriff to sell the Property to the highest bidder for cash in accordance with applicable Texas law.

**E. CAUSES OF ACTION**

**I. Trespass to Try Title/Declaratory Judgment**

28. Kiavi holds a valid and subsisting lien on the property, an interest superior to the title claimed by Plaintiff. Plaintiff challenges Kiavi's ability to enforce the power of sale in the Security Instrument. Accordingly, Defendant seeks a declaration that:

   a. Kiavi holds a valid security interest in the Property by virtue of the Security Instrument;

   b. Kiavi's security interest in the Property is superior to any interest claimed by Plaintiff;

   c. Plaintiff took any interest she currently holds subject to the Security Instrument and Kiavi's security interest;

   d. Kiavi is entitled to conduct a non-judicial foreclosure sale in accordance with the provisions of the Security Instrument and the Texas Property Code, where a trustee shall convey the Property to

the highest bidder at public auction;

    e.   When the Property is sold at a foreclosure sale, Kiavi may submit a credit bid at the sale; and

    f.   The effect of a foreclosure sale conducted in accordance with the Security Instrument and the Texas Property Code shall be to divest Plaintiff of all rights and title to the Property.

### II.  Second Cause of Action – Judicial Foreclosure.

29.     By its terms, the Security Instrument permits the lender to recover, in addition to unpaid principal and accrued interest, late charges and lender's costs of collection, including reasonable attorney's fees. In addition, the Security Instrument permits the lender to recover costs to preserve the collateral such as insurance and taxes, and to charge interest thereon.

30.     The Note also permits the lender to accelerate the Note if the borrower fails to cure a default after notice. Similarly, the Security Instrument provides at paragraph 4.2 that:

    **Judicial Action.** Lender shall have the right to commence an action or proceeding to foreclose this Deed of Trust and to enforce any of all of the terms of the Loan Documents, including specific performance of the covenants of Borrower under this Deed of Trust.

The Security Instrument additionally provides at paragraph 4.3(a), in relevant part, that:

    **Declaration and Notice of Default.** Lender shall have the right (i) to cause the Property to be sold under the power of sale contained in this Deed of Trust in any manner permitted by applicable law…

31.     A default exists under the Note and Deed of Trust due to Chiptarmil, LLC's failure to tender payment, failure to notify Kiavi of an adverse claim that may effect Kiavi's security interest, and the alienation of Chiptarmil, LLC's interest in the Property.  Kiavi accelerated the Note and notified Chiptarmil, LLC that the balance of the Note was due and payable in full.  Plaintiff is a stranger to the Note and Security Instrument.  Kiavi owes

not contractual or statutory duties to Plaintiff.

32.    All proper notices required under the Note, Security Instrument, and Texas Property Code have been given.

33.    Kiavi seeks a judgment fixing and establishing the amount of Kiavi's lien against the Property and (1) final judgment that includes an order allowing foreclosure under the Deed of Trust and Tex. Prop. Code §51.002; or, alternatively, (2) judicial foreclosure of its lien and an order instructing the constable or sheriff to sell the Property to the highest bidder for cash in accordance with applicable Texas law.  Defendant also seeks the following judicial declarations:

    a.  Kiavi holds a valid security interest in the Property by virtue of the Security Instrument;

    b.  Kiavi's security interest in the Property is superior to any interest claimed by Plaintiff;

    c.  Plaintiff took any interest she currently holds subject to the Security Instrument and Kiavi's security interest;

    d.  Kiavi is entitled to conduct a non-judicial foreclosure sale in accordance with the provisions of the Security Instrument and the Texas Property Code, where a trustee shall convey the Property to the highest bidder at public auction;

    e.  When the Property is sold at a foreclosure sale, Kiavi may submit a credit bid at the sale; and

    f.  The effect of a foreclosure sale conducted in accordance with the Security Instrument and the Texas Property Code shall be to divest Plaintiff of all rights and title to the Property.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Kiavi prays that Plaintiff take nothing by her claims and that Kiavi be dismissed from this lawsuit.  Additionally, Defendant asks the Court to enter:

    a.  A judgment establishing the validity and fixing the amount of Kiavi's lien on

the Property, including interest, costs of court, and reasonable and necessary attorney's fees incurred in enforcing the lien;

b. An order authorizing Kiavi to non-judicially foreclose its lien on the Property under the Security Instrument and Tex. Prop. Code §51.002; or

    i. Alternatively, and at Defendant's election, an order foreclosing Kiavi's lien and ordering the judicial sale of the Property by the sheriff or constable of Travis County, Texas, and authorizing Defendant to credit bid at such sale up the amount of the debt evidenced by the Loan and that the Order of Sale shall have the force and effect of a writ of possession, and the sheriff or constable of Travis County, Texas, shall place the purchaser of the Property in possession thereof within thirty days after the day of sale; and

c. A judicial declaration stating:

    i. Kiavi holds a valid security interest in the Property by virtue of the Security Instrument;

    ii. Kiavi's security interest in the Property is superior to any interest claimed by Plaintiff;

    iii. Plaintiff took any interest she currently holds subject to the Security Instrument and Kiavi's security interest;

    iv. Kiavi is entitled to conduct a non-judicial foreclosure sale in accordance with the provisions of the Security Instrument and the Texas Property Code, where a trustee shall convey the Property to the highest bidder at public auction;

    v. When the Property is sold at a foreclosure sale, Kiavi may submit a credit bid at the sale; and

    vi. The effect of a foreclosure sale conducted in accordance with the Security Instrument and the Texas Property Code shall be to divest Plaintiff of all rights and title to the Property.

d. A judgment providing Kiavi with any other relief to which Defendant may be entitled in law or equity.

Respectfully submitted,

**IRELAN McDANIEL, P.L.L.C.**

  */s/ Damian W. Abreo*
Bradford W. Irelan
State Bar No. 10411550

birelan@imtexaslaw.com
Damian W. Abreo
State Bar No. 24006728
dabreo@imtexaslaw.com
2520 Caroline Street, 2nd Floor
Houston, Texas 77004
Telephone:   713-222-7666
Facsimile:    713-222-7669

**ATTORNEY FOR DEFENDANT**
**KIAVI FUNDING, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendant's Original Answer was served upon all parties and/or their attorneys of record, in accordance with the Texas Rules of Civil Procedure, on May 15, 2024, as follows:

***Via Electronic Service***
Adam Pugh
Adam.pugh@caglepugh.com
Christine Applegate
Christine.applegate@caglepugh.com
Cagle Pugh
4301 Westbank Dr., Suite A150
Austin, Texas 78746
**ATTORNEYS FOR PLAINTIFF**

*/s/ Damian W. Abreo*
Damian W. Abreo

   

# Details - case # d-1-gn-24-002576 - envelope # 87756341

## Envelope

Envelope ID
87756341

Submitted date
05/15/2024 10:21 AM

Submitted by
Nucharee Perez

Username
nperez@imtexaslaw.com

## Case Information

Court Location
Travis County - 261th District Court

Case Type
Other Civil

Case Category
Civil - Other Civil

Judge
261ST, DISTRICT COURT

## Parties

| Party Type | Party Name | Lead Attorney |
|---|---|---|
| Defendant | KIAVI FUNDING, INC. | |
| Plaintiff | ELISA RIOS | ADAM PUGH |

## Filings

Filing Code
Counter Claim/Cross Action/Interpleader/Intervention/Third Party

Filing Type
eFile and Serve

Filing Description
Original Answer

Client Ref #
0120.010 ERIOS



## Service Contacts

| Party Type | Party Name | Service Contacts | |
|---|---|---|---|
| Defendant | KIAVI FUNDING, INC. | 👤 5 | ⌄ |
| Plaintiff | ELISA RIOS | 👤 0 | |
| Other Service Contacts | | 👤 3 | ⌄ |

## Fees

Payment account
AmEx

Party responsible
KIAVI FUNDING, INC.

Filing attorney
Damian W Abreo

Filer Type
Not Applicable

Order ID
087756341-4

Transaction Response

Transaction Amount
$82.31

Transaction ID
129315547

| | |
|---|---|
| Filing Fees | |
| Counter Claim/Cross Action/Interpleader/Intervention/Third Party | $80.00 |
| Service Fees | |
| Convenience Fee | $2.31 |
| **Grand Total** | **$82.31** |